## TURNER *vs.* THE STATE.

[INDICTMENT FOR ENTICING LABORER, &C., UNDER SECTION 3691 OF REVISED CODE.]

1. *Revised Code, section 3691 of; to what case does not apply.*—Section 3691 of the Revised Code, relative to enticing laborers, &c., does not apply to a case where the accused had a prior valid, though verbal, contract with the laborer, the term of which had not expired, and which the prosecutor enticed him to abandon.

2. *Secondary evidence of lost instrument required to be stamped; when admissible.*—Where a contract requires a United States revenue stamp, it may be affixed and cancelled by any of the parties. If this is not done at the date of its execution, the instrument can not be received in evidence, and though lost, secondary evidence of its contents can not be admitted. The omission must be supplied in the manner provided by the revenue law.

APPEAL from the Circuit Court of Henry.

Tried before Hon. J. McCALEB WILEY.

The opinion states the facts sufficiently.

J. A. CLENDENNIN, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

B. F. SAFFOLD, J.—The appellant was convicted under an indictment for enticing away a laborer, contrary to section 3691 of the Revised Code.

The court excluded testimony tending to show that at the time of the alleged misconduct of the defendant, there was an unfulfilled verbal, but valid, contract between him and the laborer, made prior to the latter's written agreement with the prosecutor. If this was so, could he commit the offense for which he was indicted, towards the prosecutor?

Blackstone says, retaining a man's hired servant before his time is expired is an ungentlemanlike, as it is an illegal act. That the inveigling or hiring his servant, which induces a breach of his contract, is an injury to the master

for which the law has given him a remedy by a special action on the case.—Vol. 3, p. 141. Except for our statute, the prosecutor would be the offender. The subsequent contract was undoubtedly an abandoment of the other by the laborer, and valid against all other persons than the defendant. Is the latter put to his action of damages? May he not regain his laborer, if he can do so in a peaceable and prudent manner? The statute has ample room, without subjecting to its operation the particular person against whom the violated contract is a tortious one; especially, as one-half of the fine is to go to the perpetrator. The court erred in rejecting the evidence.

The written contract alleged to have been broken was not stamped at the time of its execution, and for that reason was not receivable in evidence.—14 U. S. Stat. at large, pp. 143-4. Parol proof of its contents was inadmissible, notwithstanding its loss, because neither the original nor a copy was admissible without the stamp, and the secondary can not acquire a privilege which the best evidence did not have. This written contract was essential to the prosecution. If it be contended that the loss of the instrument prevented its defect from being remedied, it may be replied, that the practice would encourage pretended losses, and that the evidence which would prove its contents would establish a copy to which the proper stamps might be affixed according to the provisions of the revenue law.

The stamp might have been affixed and cancelled by either party.—U. S. Stat. *supra.*

It is unnecessary to consider the charges given and refused in detail. What has been said is decisive of them.

The judgment is reversed, and the cause remanded.