# Driscol *v.* The State.

*Prosecution for Enticing Minor from Service of Employer.*

1. *Enticing minor from service of employer; constituents of offense.* Under the statute amending section 4325 of the Code, and providing, among other things, that any person "who knowingly interferes with, hires, employs, entices away, or induces any minor to leave the service of any person to whom that service is lawfully due," &c., is guilty of a misdemeanor; a conviction can not be had against a father, who, having hired his minor son to another person for a specified term, induces his son to leave the service before the expiration of the term. (STONE, C. J., doubting.)

FROM the County Court of Macon.

Tried before the Hon P. S. HOLT.

This prosecution was commenced by an affidavit made and subscribed before the judge of said court by one W. W. Du-Bose, who therein stated "that Joe Driscol did knowingly interfere with, hire, employ, entice away, or induce George Driscol, a minor, to leave the service of R. E. DuBose, to whom the service of said minor was lawfully due, without the consent of said R. E. DuBose, given in writing, or in the presence of some credible person." The defendant pleaded not guilty to the charge, and claimed a trial by jury; and the jury returned a verdict, under the charge of the court, finding him guilty, and assessing a fine of fifty dollars. It appeared on the trial, as the bill of exceptions shows, that the defendant, on the 11th February, 1885, hired his minor son, George Driscol, then about fifteen or sixteen years old, to said R. E. DuBose, for

the remainder of the year 1885, at $6.00 per month, the contract being reduced to writing, signed by the parties, and attested by two witnesses; that the defendant, about one month afterwards, went on the plantation of said DuBose, and induced George to leave his service, representing that he needed his assistance in the cultivation of his own crop; and that this was done against the protest and remonstrance of said DuBose. On this evidence, the court instructed the jury, if they believed the evidence, they must find the defendant guilty; to which charge the defendant duly excepted.

BREWER, CHILTON, and BARNES, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The act amendatory of section 4325 provides, " Any person who knowingly interferes with, hires, employs, entices away, or induces to leave the service of another, any laborer, or servant, who has contracted in writing to serve such other person for any given time not to exceed one year, before the expiration of the time so contracted for, or who knowingly interferes with, hires, employs, entices away, or induces any minor to leave the service of any person to whom such service is lawfully due, without the consent of the party employing, or to whom such service is due, given in writing, or in the presence of some credible person, is guilty of a misdemeanor, and, on conviction, may be fined not less than fifty dollars, nor more than five hundred dollars, at the discretion of the jury trying the cause, and in no case less than double the damages sustained by the party whom such laborer or servant was induced to leave; one half to the party sustaining such damage, and the other half to the county."—Acts 1880-81, 42. The record presents the question, whether a father, who contracts in writing with another person, that his minor son shall serve him for a specified time, and before the expiration of the time, takes him from the service of such other person, without his consent, is guilty of violating the statute.

Section 4325 of Code, before amended, did not provide for the case of a minor. In respect to a laborer or servant, who had contracted in writing, the section contained the qualifying expression; "*such contract being in force, and binding upon the parties thereto.*" On this provision, it was held that, an infant's contract being voidable at his election, a person who employed him, after a disaffirmance of his contract of service, was not guilty of a violation of the statute.—*Langham v. State,* 55 Ala. 114. One of the purposes of the amendatory act was to

[Driscol v. The State.]

avoid this judicial construction of the statute. The quali-
fying provision was omitted, thus making the offense, in this
respect, dependent upon the mere existence of a contract in
writing, and disembarrassing it of the consideration of the
element of "being in force, and binding upon the parties there-
to." Under the first clause of the amendatory act, a father
would be guilty of its violation, who interfered with, hired,
employed, enticed away, or induced to leave the service of
another, his minor child whom he had emancipated, and who
had contracted in the statutory mode. But he is not guilty,
if, not having emancipated his child, he asserts his parental
authority, and reclaims the service due him prior to, and at the
time of the minor's contract with such person.—*Turner v. The
State*, 48 Ala. 549. The purpose of the statute is to prevent
and prohibit strangers—persons having no interest or authori-
ty—from interfering with such contracts of infants, and induc-
ing them to disaffirm them; but not to interfere with the
proper and lawful exercise of parental authority and rights.
Also, enlarged provisions were enacted specially applicable to
minors, who legally owed service to another, being cases not
included in the first clause. Under these provisions, a contract
in writing is not an essential element of the offense. The
statute extends to cases where service is due from a minor to
another by operation of law. Its terms are comprehensive
enough to embrace cases where service is due to another by
contract between the father and such other person.

Conceding that service was legally due to DuBose by the
minor son of the defendant, in the meaning of the statute, the
question remains, was the defendant, in taking his son away
from the service of the person with whom he had contracted,
guilty of the offense created by the statute? It will be ob-
served, that where the contract is made by the laborer or ser-
vant himself, the penalty of the statute is not directed against
the *laborer* or *servant*, who may leave the service of his em-
ployer, and refuse to perform his contract. In such case, the
employer is left to his civil action for a breach of contract.
The legislative intent is to prohibit interference by intermed-
dlers and interlopers. There are no words indicating a differ-
ent intent in respect to minors. In case of contracted labor,
the term of service is restricted, so as not to exceed one year.
There is no limitation in the case of a minor, short of majority.
The primary intention is to prevent interference with the ser-
vice due by an apprentice to his master, a child to the parent, or
to any other person standing *in loco parentis*.

· The statute also provides, that, in no case of conviction, shall
the fine be less than *double* the damages sustained by the party
whom such laborer or servant was induced to leave, *one half*

[Alsop v. The State.]

to the party sustaining the damage—thus providing full compensation. While the statute converts a civil injury into a criminal offense—an unlawful interference with parties in performing such contracts, or rendering service legally due, into a tort committed by a person not a party to the contract—it is not the object, and is not within the spirit of the statute, to try and determine, by means of criminal proceedings, and the administration of the criminal law, the validity of contracts, or their breach, or to enforce the payment of the damages occasioned thereby. The power of the legislature to put the machinery of the criminal law into operation, to compel, by imprisonment and hard labor, compensation for damages sustained by the breach of a contract, is of doubtful constitutionality. *Ex parte Hardy*, 68 Ala. 303. A construction should be avoided that will make the statute of doubtful constitutionality, and we are constrained to hold that none of its provisions apply to the contracting party. This construction harmonizes with the rule, that penal statutes shall be so construed as not to include cases without the spirit, though within the letter, and promotes the apparent policy and object of the legislature, as collected from the entire statute.

Reversed and remanded.

STONE, C. J.—I doubt the correctness of the foregoing opinion.