# Tartt *v.* The State.

*Indictment for Enticing away Laborer under Written Contract.*

1. *Constituents of offense.*—A conviction may be had for the statutory offense of enticing away a laborer under a written contract (Code, §§ 3757-8), on proof that the laborer was found in the defendant's service before the expiration of the term prescribed by the written contract, and that the defendant refused to discharge him after warning and notice of the written contract; but these facts may be rebutted, and the prosecution defeated, by proof that the laborer was in the defendant's service under a prior verbal contract, for a term yet unexpired, although said contract may be void under the statute of frauds (Code, § 1732), because not to be performed within one year.

FROM the County Court of Sumter.

Tried before the Hon. W. R. DeLOACH.

J. J. ALTMAN, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant was indicted and convicted under section 3757 of the Code of 1886. The evidence on which he was convicted establishes the following facts: In October, 1887, the accused hired, by a verbal contract, Gus Travis, who is the laborer alleged to have been interfered with, to work for him from the date of the employment, until January 1, 1889. He was working for the accused under this contract, when the indictment was found in August, 1888. In December, 1887, Gus Travis and Morgan Lynn entered into a written contract, by which Travis was to work for Lynn during the year 1888; and in January, 1888, Lynn informed the defendant that Travis was under a written contract with him to work during that year, and that he wished him to discharge Travis, which the accused did not do. The evidence was in conflict as to what was said at this time, but this is immaterial.

Section 3757 makes it a criminal offense, for any person to knowingly interfere with, hire, employ, entice away, or induce to leave the service of another, any laborer or servant,

[Tartt v. The State.]

who has contracted in writing to serve such other person for any given time, not to exceed one year, before the expiration of the time contracted for, without the consent of the party employing, given in writing, or in the presence of some credible person. By the next succeeding section, the fact that any laborer or servant, having contracted as provided in section 3757, is afterwards found in the service or employment of another, before the termination of such contract, is *prima facie* evidence that such person is guilty of a violation of that section, if he fail and refuse to forthwith discharge such laborer or servant, after being notified and informed of such former contract or employment. On proof of the written contract, and the failure of the accused to discharge Travis on being informed of such contract, the jury, in the absence of rebutting or explanatory evidence, would have been authorized to find the defendant guilty. But the *prima facie* case thus made may be overcome and disproved. The evidence clearly shows that Travis had been employed by the defendant, prior to the making of the written contract with Lynn, for a term unexpired at the time he was informed of such written contract. It is true, the contract with the defendant, being for a term of service extending beyond one year, was void under the statute of frauds; but a mere stranger to the contract can not question its validity. The parties may treat it as valid, and perform it. In such case, other persons can not avail themselves of the objection, when the parties have waived it. Had Travis, upon making the contract with Lynn, quit the service of defendant, this would have been an avoidance of the contract with the accused; but he treated it as valid, and continued to render service under it. The statute does not apply to a case, where the accused had a prior, valid, though verbal contract with the laborer, the term of which had not expired.—*Turner v. State*, 48 Ala. 549.

It having been clearly shown that defendant had a prior contract with Travis, the term of which had not expired, and which he was performing, the court should have given the affirmative charge in favor of defendant.

Reversed and remanded.