# Roberson *v.* The State.

*Prosecution for Selling Liquor Unlawfully.*

1.  *Charges as to reasonable doubt and sufficiency of evidence.*—A charge requested in a criminal case, instructing the jury that they must acquit the defendant, unless the evidence satisfies them of his guilt 'beyond a reasonable doubt and a moral certainty," is properly refused.

2.  *Argumentive charges* are properly refused.

3.  *Abstract charges* are properly refused; and a charge requested is abstract, when it is partly based on facts, hypothetically stated, of which there is no evidence whatever.

4.  *What constitutes sale of liquor.*—A witness for the prosecution having testified that, on being told by a friend "where he could find something to drink," he went into the defendant's barber-shop, passed him standing in the door, found a bottle of whiskey in a box, put it in his pocket and carried it away, leaving a half-dollar on the chair; the jury may infer from these facts that a sale of the liquor was intended and consummated, though nothing was said between the parties, and the defendant did not see the witness take the bottle. But there could be no sale without the defendant's knowledge and consent, express or implied; and if he neither saw the witness take the bottle, nor knew that he took it and left the money for it, his subsequent use of the money in buying another bottle of liquor would not make him guilty.

FROM the County Court of Shelby.
Tried before the Hon. JOHN LEEPER.

[Roberson v. The State.]

On the trial of this case, as the bill of exceptions states, the prosecution introduced one Baldwin as a witness, who testified that he was in Columbiana one day, during the period covered by the indictment, and, meeting one Sammons on the street, asked him "if he knew where he could find something to drink;" that Sammons told him "there was something in a box in Roberson's [defendant's] barbershop;" that he at once went to the shop, passed the defendant at the door, who was standing with his face to the street, walked up to the box, took a bottle from it, placed it in his pocket, and walked out, having put a half-dollar in the barber's chair; that defendant said nothing to him as he came in, and did not look around at him, but said, as he passed out, "I don't know what I will have to do with you," to which he (witness) made no reply. He further testified that he, with Sammons and others, walked out of the town, and drank the contents of the bottle, which was labelled "Plantation Bitters;" that the bottle was not quite full, and that they did not agree as to the character of the liquor—whether it was whiskey or some kind of bitters. Sammons, another witness for the prosecution, testified as to the company drinking the contents of the bottle, and discussin · the character of the liquor. The defendant then testified for himself, that when Baldwin entered his shop, early in the morning on the day mentioned, he was standing in the door looking out into the street; that Baldwin walked by rapidly, and immediately came out again, but said nothing; that he did not look back to see what Baldwin was doing, and did not know what he was doing; that he went back to the box after Baldwin left, intending to take a drink out of the bottle, and, not finding it in the box, "came to the conclusion that Baldwin had taken it;" that, on looking around, he found a half-dollar lying on his chair; that he took the money, and went to the store of one McLean, from whom he had bought the bottle, and with it bought another bottle of the same bitters; that the bottle contained "Plantation Bitters," and he had taken one drink out of it before breakfast; "and that he had never at any time sold, given or otherwise disposed of any spirituous, vinous or malt liquors to said Baldwin."

This being "all the evidence in the case," the defendant asked the court to give the general charge in his favor, and excepted to its refusal. In his closing argument to the jury, the solicitor having said, "Consider how many widows and orphans are made by the illegal sale and hellish traffic in whiskey," the defendant asked a charge in these words:

[Roberson v. The State.]

(2.) "No matter how many widows and orphans the illegal sale of whiskey makes, and how hellish the traffic is, it is the duty of the jury to find the defendant not guilty, unless the evidence convinces them beyond a reasonable doubt and a moral certainty that he sold, gave away, or otherwise disposed of liquor to said Baldwin." The court refused to give this charge, and the defendant excepted; and he also excepted to the refusal of each of the following charges, which were asked by him in writing: (3.) "If the jury believe from the evidence that the defendant had in a box in his shop a bottle marked Plantation Bitters, which he had obtained from McLean, and that the bottle contained rye whiskey, but that defendant had no knowledge of its being whiskey, and bought it for bitters, and that Baldwin got said bottle,—then they must find defendant not guilty." (4.) "If the jury believe from the evidence that Baldwin went into the defendant's barber-shop, and got out of a box a bottle marked Plantation Bitters, and threw a half-dollar in the chair, and that defendant was then standing in the door facing the street, and did not see said Baldwin get the bottle, then they must find him not guilty." (5.) "If the jury believe from the evidence that the defendant had in a box in his shop a bottle of whiskey which he had got for his own use, and that he did not tell Baldwin to get the bottle, nor sell it to him, but that Baldwin went into the shop, took the bottle of whiskey, and left a half-dollar in the chair, and that defendant did not see him get the bottle, then they must find him not guilty." (6.) "If the jury believe that Baldwin went into defendant's shop, and, without his knowledge, took a bottle of whiskey which belonged to defendant, and left a half-dollar, then, when defendant discovered that the bottle had been so taken, he had a right to take the money and get another bottle; that this would not make him guilty, and if this is all the evidence shows, they should find him not guilty."

BROWNE, McMILLAN & LEEPER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The defendant was prosecuted "for selling, giving away, or otherwise disposing of spirituous, vinous or. malt liquors, without a license and contrary to law." The proceeding is under a local prohibition law. Act approved February 28, 1881; Sess. Acts, 148.

We can not say there was no testimony tending to show

[Roberson v. The State.]

that defendant sold a bottle of spirituous liquor in the town of Columbiana, Shelby county, within twelve months before the commencement of the present prosecution. Its sufficiency was a question for the jury. The County Court did not err in refusing to give the first charge asked by defendant.

There was no error in refusing any of the charges 2, 3, 4 and 5, as the same were asked by defendant. Charge No. 2 is not only argumentative, but it exacts too high a grade of proof as a condition of conviction. It sought to have the jury instructed that they must find the defendant not guilty, unless the evidence convinced them "beyond a reasonable doubt and a moral certainty" of his guilt. To justify conviction of a public offense, whether it be crime or misdemeanor, the testimony must convince beyond a reasonable doubt, but there is no recognized rule that it must be *beyond a moral certainty.* Possibly, there is an error in transcribing, but we must deal with the language as we find it. A correction of this clause, however, would not put the court in error for refusing to give it. The objection that it is an argument would still remain.—*Shepperd v. State*, 94 Ala. 102; *Mitchell v. State, Ib.* 68; *Hornsby v. State, Ib.* 56; *Chatham v. State*, 92 Ala. 47; *Brassell v. State*, 91 Ala. 45; *Brantley v. State, Ib.* 47; *Kirby v. State*, 89 Ala. 63; *Pellum v. State, Ib.* 28.

Charge No. 3 states as one constituent of its hypothesis, that though the bottle labelled "Plantation Bitters" may have contained whiskey, yet, if "defendant had no knowledge of its being whiskey, and bought it for bitters," &c. The defendant was examined as a witness, and he testified that he had taken one drink out of the bottle, not long before the alleged sale of it. He did not testify to a want of knowledge that it was whiskey, nor was there any testimony tending to prove such want of knowledge. The court does not err in refusing a charge, if any part of its hypothesis of facts has no testimony in its support.—*Pollak v. Davidson*, 87 Ala. 551; *Kidd v. State*, 83 Ala. 58.

Charge No. 4 claims defendant's acquittal, if he "did not see Baldwin get the bottle" out of a box in defendant's shop, although Baldwin, when he went in and obtained the bottle, "threw a half-dollar in the chair." Not *seeing* Baldwin get the bottle, was by no means conclusive that he did not sell—intentionally sell to him—the bottle with its contents. This charge was rightly refused.

Charge 5 claims an acquittal on the postulates, that defendant neither told Baldwin to get the bottle, nor saw him

get it. Neither of these was absolutely essential to the making of a valid contract of sale. Conduct is frequently as expressive of the intention of parties as spoken words could be. It was for the jury to determine, under all the evidence, whether the intention of the parties was a parting with the ownership by Roberson, and a purchase and payment by Baldwin. If this was the intention, though only evidenced by their conduct and not in words, and if the evidence satisfied the jury beyond a reasonable doubt that such was the intended transaction between them, then that constituent element of the offense was made out. The trial court did not err in refusing this charge.

Defendânt testified in his own behalf, and gave his version of the transaction. Charge No. 6 makes the substance of that version. its hypothesis, and asks the court to instruct the jury, "if this is all the evidence shows, the jury should find him [defendant] not guilty." It is manifest, if what that charge hypothesizes constitutes all the defendant intentionally did, he was not guilty. It would be for the jury to determine, under all the evidence and circumstances, whether that was all he intentionally did; in other words, whether without his knowledge, either expressed or implied, Baldwin took the bottle and left a half-dollar in its stead. If this was the case—the entire case—there was no intentional sale, and no violation of the law. This charge ought to have been given.

Reversed and remanded. The defendant to remain in custody until discharged by due course of law.