# Willingham *v.* The State.

*Indictment for Murder.*

1. *Homicide; admissibility of evidence; facts of former difficulty.*
   In a trial under an indictment for murder, where there is evidence for the defendant tending to show that the fatal shot was fired in self-defense, and it was shown that a few hours before the fatal shooting deceased had assaulted the defendant with a gun, and that a person with the deceased took hold of him to prevent his shooting the defendant, it is not competent for the court to allow the defendant to further prove that at the time said person interferred with the deceased, the deceased drew his gun on him and threatened to kill him.

2. *Homicide; charge as to self-defense.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "If from all the evidence the jury has a reasonable doubt as to whether or not the defendant acted in self-defense when he fired the shot which took the life of the deceased, then the jury must give

the defendant the benefit of the doubt and find the defendant not guilty."

3. *Charge to the jury; undue prominence given to evidence.*—A charge which gives undue prominence to particular parts of the evidence over other facts which are less favorable to defendant in a criminal case, is erroneous and properly refused.

4. *Homicide; charge to the jury.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "Unless the State has proven to the jury beyond all reasonable doubt that the defendant provoked the difficulty, and if the defendant has raised in the minds of the jury a reasonable doubt growing out of the evidence as to whether he fired the fatal shot to repel an assault which deceased was making upon him, which was calculated to produce a reasonable belief of danger to defendant's life, and has thus raised a reasonable doubt as to whether there was another reasonable means for escape besides shoot the defendant, then the defendant has made out a case of self-defense and the jury should acquit him."

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN PELHAM.

The appellant in this case, Oden Willingham, was indicted for the murder of Thomas Westbrook, was convicted of murder in the second degree and sentenced to the penitentiary for eleven years. The killing was shown to have been on October 8, 1900.

The evidence showed that the deceased and the defendant lived at the house of one Allen Russell; that in the afternoon of the day of the killing, about 3 or 4 o'clock, the deceased came to the house of Allen Russell with a gun and offered to trade it to Russell for a yearling; that Russell declined to trade until he had seen his wife; that a conversation between the deceased, Westbrook and Russel took place in Russell's house in the room which was occupied by the defendant and his wife, both of whom were sick. The defendant's wife was the daughter of Allen Russell. The defendant said to Russell that he had no need for a gun, as he had two; that thereupon Thomas Westbrook replied that he did not like to have outsiders meddling with his business; that after this and during the same conversation, the defendant's wife said that she knew

Allen Russell's wife would not consent to the trade, and that thereupon the defendant, with an oath, again said he did not like for outsiders to be meddling with his business. Thomas Westbrook, the deceased, then left the house in company with George Wait, but in a few minutes returned, very much excited and cursing; that he cocked his gun and started in the room where the defendant and his wife were lying. George Wait took the gun from the defendant and carried him off from the house.

The evidence for the State tended to show that later in the day, about dark, the deceased returned to the house, bringing his gun with him; that he went into the supper room where Allen Russell and his wife and daughter were eating supper, and sat down to the supper table, putting his gun behind him; that upon his being taken to task by Russell's wife and another daughter of Allen Russell, he denied having done so, and replied that whoever said he cursed in their presence during that afternoon told a d— lie;" that thereupon the defendant came to the door of his room, which was about 15 or 20 feet from the room where the deceased was eating supper, and said, "Why, Mr. Westbrook, I heard you curse;" that the defendant thereupon replied that the defendant was a liar, and defendant replied you are another; that thereupon deceased jumped up from the table with his gun in his hands and remarked that "he was going to leave that place, and if it had not been for George Wait, he would have shot the top of Oden Willingham's head off that evening;" that the defendant then replied "he had better come out on the ground and do it;" that the deceased then started to the door, pointing his gun at the defendant; that Allen Russell tried to prevent him from going out of the room, but Westbrook ran away from him and started down the steps, still pointing his gun in the direction of the defendant; and that as he stepped upon the last step, defendant fired upon him and killed him.

The evidence for the defendant tended to show that he did not fire upon the deceased until he was going from the dining room with a gun pointed towards him.

and that just as he was on the last step with the gun pointed at the defendant, the defedant fired.

During the examination of Allen Russell as a witness for the defendant, he was asked the following question by the defendant: "If, when George Wait interfered to keep Westbrook from going into the said room (where the defendant was in the afternoon), with his gun cocked, if Westbrook did not draw his gun on said Wait and then threaten to shoot him?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

During the examination of George Wait as a witness for the defendant, and after he had testified that in the afternoon when the deceased had the talk with Allen about the exchange of his gun, and had made the remark to the defendant about his not liking his interfering with his business, that he took the gun away from Westbrook, the defendant asked the witness Wait the following question: "If, when he attempted to take the gun from Westbrook, if Westbrook did not draw his gun on witness and threaten to shoot him?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If from all the evidence the jury has a reasonable doubt as to whether or not the defendant acted in self-defense when he fired the shot which took the life of the deceased, then the jury must give the defendant the benefit of the doubt and find the defendant not guilty." (2.) "If the jury from all the evidence believe that all that defendant did toward bringing on the difficulty was to say to the deceased in a pleasant manner, Mr. Westbrook, or Tom, 'you did curse,' or 'I heard you curse,' that deceased then replied in a rough manner, to create in the mind of a reasonable man that deceased was intending to take the life or do him great bodily harm, then the defendant had a right to anticipate deceased under such circumstances and fire and take the life of deceased in self-defense, and the jury should find him not guilty." (15.) "Unless the State

has proven to the jury beyond all reasonable doubt that the defendant provoked the difficulty, and if the defendant has raised in the minds of the jury a reasonable doubt growing out of the evidence as to whether he fired the fatal shot to repel an assault which deceased was making upon him, which was calculated to produce a reasonable belief of danger to defendant's life, and has thus raised a reasonable doubt as to whether there was another reasonable means of escape besides shoot the defendant, then the defendant has made out a case of self-defense, and the jury should acquit him."

SMITH & HERRING and JAMES A. EMBRY, for appellant, cited *Wesley v. State*, 52 Ala. 182; *Smith v. State*, 52 Ala. 407; *Gossett v. State*, 76 Ala. 18; *Coker v. State*, 63 Ala. 10; *Henson v. State*, 112 Ala. 41; *DeArman v. State*, 71 Ala. 351.

CHAS. G. BROWN, Attorney-General, for the State, cited *Rogers v. State*, 117 Ala. 10; *Compton v. State*, 110 Ala. 25; *Gilmore v. State*, 125 Ala. 59; *Howard v. State*, 110 Ala. 94; *Wilkins v. State*, 98 Ala. 1.

SHARPE, J.—In *Harkness v. The State*, 129 Ala. 71, it was held, the writer then dissenting, that in cases of homicide though involving self-defense, the defendant is not entitled to prove that the deceased while making threats against him on a previous occasion, accompanied those threats with actual hostile demonstrations. That ruling was on the ground that to so allow inquiry into particulars of a former difficulty would unduly multiply the issues. A majority of the court adhere to that decision.

In the present case the defendant was permitted to prove that a few hours before the fatal shooting the deceased had assaulted him with a gun and that one Wait took hold of deceased to prevent him from shooting. The court then refused to allow the defendant to prove that when Wait so interfered, the deceased drew his gun on Wait and threatened to kill him. If it be conceded that such demonstrations against Wait were

[Kimbrell v. The State.]

*res gestae* of that assault on defendant, and might have indicated intensity of feeling towards him, yet on authority of Harkness' case the evidence was properly disallowed.

Of charges refused to defendant, No. 1 is bad in not hypothesizing the existence of conditions without which he could not have been entitled to invoke the doctrine of self-defense—such as a necessity real or apparent for shooting in order to avert great bodily harm to himself, and his own freedom from fault in bringing on the difficulty.—*Miller v. State,* 107 Ala. 40; *Rogers v. State,* 117 Ala. 10; *Mitchell v. State,* 129 Ala. 23.

Charge 2 gives undue prominence to parts of the evidence over other evidence less favorable to defendant, especially that tending to show he challenged deceased to come out of the house and shoot. That charge is also wrong in assuming the conduct and utterances it attributes to the defendant would as a legal conclusion acquit him of blame in respect of provoking the deceased to act as he did, and also in assuming that if under the other conditions predicated the conduct of deceased was such as to impress a reasonable man with a sense of imminent peril, the defendant was justified in shooting, without regard to whether he was himself so impressed.

Charge 15 is argumentative, and in its assertions as to raising a reasonable doubt upon a reasonable doubt it was calculated to mislead the jury.

Affirmed.

*Indictment for Murder.*

