# Sykes *v*. The State.

## *Retailing Liquor Without License.*

(Decided June 13, 1907.  44 South. 398.)

1.   *Trial; Conduct of Counsel.*—On a trial for unlawfully selling whiskey, in the absence of evidence to support it, it was improper for the solicitor to say to the jury that it had come to such a pass in Lawrence county that there cannot be a public gathering without whiskey being sold there, and that they sell it at the churches; and such error is not cured by an instruction from the court that the jury must decide the case from the evidence detailed by the witnesses and that the argument of counsel was intended only to explain the testimony, and the jury should not be governed by it any further than as the explanation of the evidence.

2.   *Criminal Law; Evidence of Defendant; Credibility.*—In weighing the testimony of a defendant the jury may consider the fact that he is a defendant, and if convicted, suffers the penalty.

3.   *Same; Instruction; Reasonable Doubt.*—A charge asserting that before they can convict a defendant the jury must believe him guilty beyond a moral certainty, is erroneous.  It is also error to refuse a charge asserting that the jury must be satisfied from the evidence beyond all reasonable doubt and to a moral certainty of the guilt of a defendant before they can convict.

APPEAL from Lawrence County Court.

Heard before Hon. J. C. KUMPE.

Bud Sykes appeals from a conviction of selling whisky without a license and contrary to law. Reversed and remanded.

The defendant was charged with selling whisky without license and contrary to law, was found guilty, and fined $50, and an additional term was added by the court of three months. The remarks of the solicitor are sufficiently stated in the opinion of the court. The evidence tended to support the charge in the indictment. The court, at the request of the state, gave the following charge:  "I charge you, gentlemen of the jury, that in weighing the testimony of the defendant you have a

right to consider the fact that he is defendant in the case, and, if convicted, suffers the penalty." The defendant requested the general affirmative charge, which was refused. The court then gave the following charge for the defendant: "I charge you, gentlemen of the jury, that before you can convict the defendant in this case you must believe him guilty beyond a reasonable doubt and to a moral certainty, and if you don't believe the defendant guilty beyond a reasonable doubt and to a moral certainty then your verdict must be not guilty." The court then added, of its motion, orally: "This, gentlemen, is but another definition of a reasonable doubt."

SHERROD & JONES, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for State. —The argument of the solicitor was not improper.— *Jackson v. The State*, 136 Ala. 22. The charge given at the request of the state was proper.—*Smith v. The State*, 118 Ala. 170. This case is governed by the rule laid down in the following cases.—*Mitchell v. The State*, 141 Ala. 90; *Ledbetter v. The State*, 143 Ala. 52.

HARALSON, J.—The argument of the solicitor to the jury was improper, and should have been excluded on the motion of the defendant. It stated the existence of two substantive facts, unsupported by any evidence in the cause, which facts bore on a material inquiry, the tendencies of which were, to influence their finding against the defendant. These two facts were, that "it has come to such a pass in Lawrence county, that you cannot have a public gathering without whisky being sold there," and "they sell it at your churches." There was no semblance of evidence to support these statements, and according to our uniform rulings on the sub-

6 R

ject, they should have been excluded.—*Cross v. State,* 68 Ala. 484; *Childress v. State,* 86 Ala. 86, 5 South. 775.

The fact that the court, in its general charge to the jury, told them that they "must decide the case upon the evidence as detailed by the witnesses on the stand, and that the argument of counsel was intended to elucidate or explain the testimony in the case, and that the jury should not be governed by it any further than to explain the evidence in the case," did not cure the error, of a refusal to exclude the statement of the existence of these assumed facts. For the purpose of elucidation and explanation, the solicitor had no right to assume the existence of facts, which had no existence, so far as appeared, in the evidence. There was abundant room to explain and elucidate, without resort to such unfounded and prejudicial statements.

There was no error in giving charge for the state, numbered 2.—*Miller v. State,* 107 Ala. 42, 19 South. 37; *Wilkins v. State,* 98 Ala. 5, 8 (charges 9 and 10), 13 South. 312; *Norris v. State,* 87 Ala. 88, 6 South. 371.

A charge which instructs the jury, that before they can convict the defendant, they must believe him guilty beyond a moral certainty, is erroneous.—*Roberson v. State,* 99 Ala. 192, 13 South. 532. But it is error to refuse a charge, that the jury must be satisfied from the evidence beyond all reasonable doubt and to a moral certainty, of the guilty of the defendant, before they can convict him.—*Williams v. State,* 52 Ala. 411; *Gilmore v. State,* 99 Ala. 155, 13 South. 536; *Roberson's Case, supra.*

The affirmative charge requested by the defendant was properly refused.—*Mitchell v. State,* 141 Ala. 90, 37 South. 407.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ.., concur.