# Phillips *v.* The State.

## *Violating Prohibition Law.*

(Decided June 30, 1909.   50 South. 326.)

1. *Witnesses; Bias; Instruction.*—Facts may be looked to to determine whether a witness is biased or not, and not as showing bias, and hence, a charge asserting that the jury might look to certain facts to show a witness's bias against the defendant, is properly refused.

2. *Charge of Court; Argumentative.*—A charge asserting that the jury must try the defendant on the evidence; that public opinion should not be considered, and that each member of the jury must, from the evidence, believe the defendant guilty beyond a reason-. able doubt before a conviction will be authorized, is argumentative.

3. *Same; Abstract Instruction.*—A charge not supported by any of the evidence is abstract and properly refused.

4. *Same; Form of Request.*—A charge asserting that if one of the jury have a "reasonable of doubt" of defendant's guilt he cannot convict was unintelligible.

5. *Same; Reasonable Doubt; Acquittal.*—The fact that one juror has a reasonable doubt of defendant's guilt is a sufficient predicate to prevent a conviction, but does not require an acquittal.

6. *Costs; Statutes.*—The Acts of November 30, 1907, (General Acts, Special Session, 1907, p. 179) fixing 40 cents a day as the rate at which convicts shall be sentenced to pay the costs of conviction, repeals the former act fixing the rate at 30 cents a day.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Bill Phillips was convicted for retailing spirituous, vinous, or malt liquors, and he appeals. Affirmed in part.

See, also, 47 South. 245.

The evidence for the state tended to show that, about three weeks before the finding of the indictment, Jack Browning purchased a pint of whisky of defendant, paying him 35 cents therefor. Defendant's evidence tended to show that this was not true, and that Browning was at outs with the defendant.

[Phillips v. The State.]

The following charges were refused to the defendant: "(1) I charge you, gentlemen of the jury, that the fact, if it be a fact, that Jack Browning proposed to Gordon Smith to pay his expenses to court if he would testify against the defendant, that this may be looked to, to show Jack Browning's bias feeling in giving in his testimony. (2) I charge you, gentlemen of the jury, that you must try this defendant on the evidence in this case, and public opinion should not be considered by you, and that each member of the jury must from the evidence believe him guilty beyond a reasonable doubt before you can convict. (3) I charge you, gentlemen of the jury, that if one of your number have a reasonable of doubt of the defendant's guilt you cannot convict the defendant. (4) I charge you, gentlemen of the jury, that each individual of your number must be convinced beyond all reasonable doubt that the defendant is guilty as charged from the evidence in the case, else you will find the defendant not guilty. (5) I charge you, gentlemen of the jury, that if there exists in the mind of any one of you a reasonable doubt of the defendant's guilt, growing out of the evidence, when considered in connection with all the other evidence in the case, then you must find the defendant not guilty. (6) I charge you, gentlemen of the jury, that if you believe from the evidence that the witness Jack Browning offered to pay Gordon Smith's expenses to court to testify against defendant, that this evidence may be looked to, to show Jack Browning's feelings against the defendant."

HOOTEN & OVERTON, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The failure of the court to sentence at 40 cents

[Phillips v. The State.]

per day will not result in a reversal except as to the sentence.—*Davis v. The State,* 122 Ala. 657; *Linnehan v. The State,* 120 Ala. 293.

DENSON, J.—The defendant was tried and convicted for selling whisky without a license and contrary to law. The evidence for the state tended to show the guilt of the defendant, while that for the defendant tended to show his innocence. The only question reserved by the bill of exceptions relates to charges refused to the defendant.

If charges 1 and 6, in their conclusions, had stated that the facts hypothesized might be considered by the jury, along with the other evidence, in determining whether Jack Browning's feelings were biased against the defendant, instead of concluding with the statement that they might be looked to, "to show Jack Browning's biased feelings in giving in his testimony," we are not prepared to say that the court should not have given them; but in the form requested the charges are objectionable and were properly refused.

Charge 2 was properly refused because it is argumentative. Moreover, the record does not disclose anything in respect to public opinion. Therefore, the charge was in reference to that subject abstract.

Charge 3, on account of the use of the word "of" between the words "reasonable" and "doubt," is misleading and unintelligible, and was properly refused.

Charges 4 and 5 were properly refused. That one juror has a reasonable doubt of the defendant's guilt, while sufficient to stay or prevent a conviction, does not require an acquittal.—*Goldsmith's Case,* 105 Ala. 8, 16 South. 933; *Cunningham's Case,* 117 Ala. 59, 66, 23 South. 693.

The act of November 30, 1907 (Gen. Acts Sp. Sess, 1907, p. 179; Cr. Code 1907, p. 422, note), fixes 40 cents as the rate per day at which convicts shall be sentenced for the costs of the prosecution, and is a repeal of the former law, which fixed the rate at 30 cents. The court erred in sentencing the defendant to work out the costs at 30 cents per day.

The judgment of conviction is affirmed; but as to the sentence the judgment is reversed, and the case is remanded, that the defendant may be properly sentenced.

Affirmed in part, and in part reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.


### Violating Prohibition Law.

