# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1909-1910

## Crain *v.* The State.

*Murder.*

(Decided Feb. 10, 1910. Rehearing denied Feb. 26, 1910.
52 South. 31.)

1. *Witnesses; Examination; Cross; Scope.*—The latitude that is permissible on the cross examination of a witness touching his sincerity, knowledge, etc., even to the asking of irrelevant questions, rests largely in the discretion of the trial court, and is not subject to review unless abused.

2. *Appeal and Error; Harmless Error; Evidence.*—Where it was not disputed that the defendant killed the deceased on the day mentioned, the question of the hour being immaterial, no prejudice resulted to the defendant on account of the court's refusal to permit a witness to answer where the hands of the clock were pointed at that time, the witness having already stated that he looked at the clock just before the shooting and that it was then ten minutes past eleven, or eleven-ten.

3. *Evidence; Confessions; Predicate.*—For the purpose of laying a predicate for the admission of voluntary confessions, it is permissible to ask whether any promises, threats or inducements were made to the defendant before he made the statement sought to be shown as a confession, such questions not being objectionable as calling for a conclusion.

4. *Homicide; Evidence; Malice.*—Where, after shooting deceased, and within a short time thereafter, the defendant came back to where the deceased was lying and ordered the witness away and shot several times at witness as he ran away, it was competent to show whether or not defendant came back and what he said and did, as tending to show malice.

5. *Charge of Court; Effect of Evidence; Tendencies.*—The court in its oral charge may properly state the tendencies of the evidence for the state and the defendant.

6. *Same; Reasonable Doubt.*—Charges requiring the acquittal of defendant if anyone or more of the jurors entertain a reasonable

doubt of his guilt are properly refused; the proper form is to require that the jury should not convict if any one or more of them entertain a reasonable doubt of the defendant's guilt.

7. *Statutes; Enactment; Return from Committee.*—Where a bill in the usual course of its passage is referred to a standing committee of the house or senate. and is reported back from a committee different from that to which it was referred without some showing on the journal that it was taken from the committee to which it was originally referred, and referred to the committee reporting it, it is not constitutionally passed under the requirements of section 62, Constitution 1901. In this instance, Local Acts 1907, p. 238, is violative of that constitutional requirement, and hence, void.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. BREWER.

George Crain was convicted of murder, and he appeals. Reversed and remanded.

The jury law referred to can be found in Acts 1907, p. 238, and the record shows that the jury was drawn under said act, and not under the previous act relative to the drawing of the juries.

The following charges were refused to the defendant:

"(1) The court charges the jury that the law presumes the defendant to be innocent of the commission of any crime, and this presumption continues to grow in his favor step by step until you are satisfied beyond all reasonable doubt of his guilt, and you cannot find the defendant guilty of a crime within the indictment until the evidence within the case satisfies you beyond all reasonable doubt of his guilt; and so long as you, or any one of you, have a reasonable doubt as to the existence of the elements necessary to constitute any of the crime or crimes within the indictment, you should find the defendant not guilty." "(8) I charge you, gentlemen of the jury, that if either one of your minds has a reasonable doubt from all the evidence in this case of the guilt of the defendant, then it is your duty to render a verdict of not guilty."

FRANK A. ANDRESS, for appellant. While cross examination may take a wide range, the court permitted too great a latitude in this case and shows an abuse of discretion.—*Molton v. The State,* 88 Ala. 18; *Thompson v. The State,* 100 Ala. 70; *Noblin v. The State,* 100 Ala. 13; 1 Mayf. 878. The court erred in the admission of evidence as a predicate for the confessions. —*Fonville v. The State,* 91 Ala. 41; *Johnson v. The State,* 94 Ala. 41; *Williams v. The State,* 130 Ala. 107; *Sims v. The State,* 146 Ala. 118. The court erred in drawing the jury as the Local Act under which it was drawn is violative of section 62, Constitution 1901.— (Local Acts 1907, p. 238); *Walker v. City of Montgomery,* 139 Ala. 468; *Blakey v. City Council,* 144 Ala. 481; *Montgomery B. Wks. v. Gaston,* 126 Ala. 443; *Moody v. The State,* 48 Ala. 115.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err relative to the evidence. —*Wilson v. The State,* 113 Ala. 104. The charges requested were properly refused.—*Goldsmith v. The State,* 105 Ala. 8. The state insists that although the Act under which the jury was drawn may be unconstitutional under the influence of *Tyler v. The State,* 48 South. 672, yet, the Local Acts of 1900-01, p. 561, was in force at the time of the drawing, and that no injury resulted to the defendant from the order, and hence, it was error without injury.—*Clarke v. The State,* 87 Ala. 71. The state insists that it is a universal rule that such questions should be presented in the trial court and if not so presented cannot be taken advantage of on appeal.—*Thomas v. The State,* 150 Ala. 31; s. c. 94 Ala. 74; *Howard v. The State,* 108 Ala. 571. The state also insists that the act of the court was necessarily under the supervision of the presiding judge

of the court, and that it was the same as the act of the judge himself. See dissenting opinion in the case of *Scott v. The State,* 141 Ala. 31; also *Lewis v. The State,* 98 Ala. 479; *Benson v. The State,* 68 Ala. 544; *Richter v. The State,* 150 Ala. 127; 194 U. S. 194; 2 Words & Phrases, p. 1675.

DOWDELL, C. J.—While it is true that much latitude is permissible upon the cross-examination of a witness touching his sincerity, memory, etc., even to the asking of questions irrelevant to the issues in the case, yet it is a matter that must of necessity rest largely in the wise discretion of the trial court.

In the present case there was no dispute that the defendant shot and killed the deceased on the mentioned date, and consequently it was immaterial at what hour of the day it was done. The witness Merriwether testified on his direct examination that he looked at the clock just before the shooting, and it was 10 minutes past 11 o'clock. On his cross-examination he was asked where the hands were pointing, to which question the solicitor objected, and the objection was sustained. While the question was not an improper one as touching the knowledge and accuracy of the witness as to the precise time of the shooting, and might well have been permitted, we are unable to see that the defendant was prejudiced by its refusal, in view of the fact that the defendant did not deny the shooting of the deceased. We are satisfied that no injury resulted therefrom to the defendant, and, such being the case, the ruling, if erroneous, should not constitute reversible error.—Code 1907, § 6264.

In the laying of a predicate for the introduction of evidence of confessions made by the defendant, the question, "Were there any promises, threats or induce-

ments made to the defendant before the statements were made by him?" is not open to the objection that it called for a conclusion of the witness, and was properly allowed by the court.

When taken in connection with the declaration, made by the defendant after the shooting, that, if the deceased was not dead, he (defendant) would go back and finish him, the question by the solicitor, "Did he come back?" and "What did the defendant then say or do?" were properly allowed as against the objections stated. The bill of exceptions recites: "The court overruled the objection, and allowed the witness to testify what the defendant said and did at that time. To which overruling the defendant then and there duly excepted. The evidence showed that the defendant came back in a short time to where the deceased was shot and was lying, and ordered the witness away, and shot several times at witness as he ran away. The evidence was admissible as tending to show malice.

The court in its general charge to the jury, in submitting the issues, stated the tendencies of the evidence for the state and defendant without an invasion of the province of the jury. In the admission of evidence the court necessarily passes upon its tendency as proof as matter of law.

Written charges numbered 1 to 8, refused to the defendant, were palpably and inherently bad. Each of said charges required a verdict of not guilty if any one of the jury entertained a reasonable doubt of the defendant's guilt. This is not the law. So long as any one of the jury has a reasonable doubt of the defendant's guilt, there can be no conviction; but such a state of the case does not authorize an acquittal, the result would be a mistrial.

Since writing the foregoing part of this opinion a supplemental brief by counsel for appellant has come into our hands, wherein it is urged that the special act which provides for the drawing of juries in capital cases in Jefferson county, and under which the jury in the present case was drawn, approved February 26, 1907 (Loc. Acts 1907, p. 238), is unconstitutional and void. An inspection of the journals of the Legislature discloses that in the passage of said act, which originated in the House, the bill upon its introduction was referred to the standing committee on local legislation, and was never reported back by that committee, but instead thereof, was reported back to the House by a different standing committee, to wit, the judiciary committee. This was a palpable violation of section 62 of the Constitution of 1901, which is as follows: "No bill shall become a law until it shall have been referred to a standing committee of each House, acted upon by such committee in session and returned therefrom, which facts shall affirmatively appear upon the journal of each House." See *Tyler v. State,* 159 Ala. 126, 48 South. 672; *Walker v. City of Montgomery,* 139 Ala. 468, 36 South. 23. The act in question must be declared void.

It affirmatively appears from the record in this case that the special jurors, 45 in number, drawn for the special venire, and from which the jury that tried the defendant were selected and impaneled, were drawn under said void statute. The jury, therefore, that tried the defendant, was unauthorized by law. The conviction and sentence was illegal. It follows that the judgment appealed from must be reversed, and the cause remanded for another trial according to law.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.