# Wilhite *v.* Fricke.

*Assault and Battery.*

(Decided May 12, 1910.    Rehearing denied June 30, 1910.
53  South.  157.)

1. *Evidence; Res Gestae; Animus.*—Where the action was for civil assault and battery, and it appeared that immediately after the plaintiff grabbed the defendant and took the stick from him and ran around the corner, evidence that defendant went into his store, grabbed his gun and ran back to the front was admissible as res gestae, and on the question of animus.

2. *Trial; Argument of Counsel.*—Where there was no proof that the hog was actually oversalted, and evidence was improperly admitted that plaintiff accused the defendant of having oversalted a hog, he offered for sale, it was improper for plaintiff's counsel to comment on such a fact to the defendant's prejudice.

3. *Assault and Battery; Civil; Evidence.*—Where the action was for civil assault and battery, evidence that plaintiff had accused defendant of oversalting a hog and stated that the butcher had made a deduction for the same was foreign to any issue in the case.

4. *Same; Self Defense; Plea.*—A plea of self defense in justification of a civil action for assault and battery which fails to aver defendant's freedom from fault in bringing on the difficulty is fatally defective.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by William Fricke against James W. Wilhite for an assault and battery. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following are the special pleas referred to: "(2) That plaintiff himself provoked the assault by approaching defendant from the latter's storehouse in a rude, insolent, and hostile attitude, and with offensive

and opprobrious epithets, all of which were calculated to induce the belief in the mind of a reasonable man, and which did cause the defendant to believe, that he was in danger of great bodily harm from the plaintiff, and therefore the defendant struck at the plaintiff in order to prevent serious injury or bodily harm to himself from defendant.  Whereupon the plaintiff did assault and beat, and continue to assault and beat, the defendant, hurling the defendant to the floor, and struggling with him.outside the door of the store.  (3) That the plaintiff first assaulted the defendant before the defendant assaulted the plaintiff, and that the altercation was thereby provoked and commenced by the plaintiff's own act."

WERT & LYNNE, and E. W. GODBEY, for appellant. The court erred in not excluding remarks of counsel as to the over-salting of the hog.—*Hundley v. Chadwick*, 109 Ala. 575; *Florence, etc., Co. v. Field*, 104 Ala. 471. The court erred in charging the jury that unless Wilhite believed he was in danger of great bodily harm, the verdict should be for the plaintiff.—3 Cyc. 1073. Counsel discuss other charges given and refused, but without further citation of authority.

M. A. DINSMORE, and CALLAHAN & HARRIS, for appellee.  The evidence objected to was of the res gestae and tended to show animus.—1 Enc. of Evi. 1008.  The court did not err in refusing to exclude argument of counsel.—*Cross v. The State*, 68 Ala. 484; *M. J. & K. C. R. R. Co. v. Bromberg*, 141 Ala. 284.  The court did not err in the charges given.—*Goldsmith v. George*, 15 Am. St. Rep. 929.  Charge 1 was properly given.—*Rutledge v. Rowland*, 49 So. 466; *Bunzell v. Maas*, 116 Ala. 81.

ANDERSON, J.—The proof shows that immediately after the plaintiff grabbed the defendant, when in front of the store, and took the stick away from him and ran around the corner, the defendant went in his store and grabbed his gun and ran back to the front, and these facts were admissible as a part of the res gestae and for the purpose of showing animus.—Encyc. of Evidence, vol. 1, p. 1008, note 78.

The record shows that counsel for the plaintiff, in arguing to the jury, "commented upon the wrongful acts of the defendant in loading and augmenting the weight of the hog by oversalting," and that the defendant objected to same and also sought to eradicate said remarks, and the court overruled the objection and request to exclude and to which the defendant excepted. It is true there was proof that the plaintiff accused the defendant with having oversalted the hog and stated that the butcher had deducted something for same; but there was no proof that the hog was actually oversalted, and indeed proof of said fact was not admissible. It would have injected a foreign issue into the case and consumed the time of the court in proving or disproving an immaterial fact, but the truth of which might be of great prejudice to the defendant. It was therefore improper for counsel to comment upon the fact and which may have been highly damaging and prejudicial to the defendant, and the trial court erred in not sustaining the objection to same and the motion to exclude same. —*Hundley v. Chadwick,* 109 Ala. 582, 19 South. 845; *Florence v. Field,* 104 Ala. 471, 16 South. 538; *Bates v. Morris* 101 Ala. 283, 13 South. 138; *Dollar v. State,* 99 Ala. 236, 13 South. 575; *Cross v. State,* 68 Ala. 476.

The other assignments of error relate to given and refused charges, and, as this case must be reversed, we feel that it will serve no good purpose to discuss same,

[Seigel v. Long.]

for, while they may be predicated on the pleading in the case, they, or some of them, would be inapt upon the proper issues in an action for an assault and battery, and we must assume that the special pleas will be different upon another trial. The case seems to have been tried upon the general issue and special pleas 2 and 3 as amended. These special pleas attempted to set up justification or self-defense, and, if not otherwise faulty, were bad in not setting up freedom from fault in bringing on the difficulty. They do aver that the plaintiff provoked the assault and the difficulty. This the plaintiff may have done, yet the defendant, too, may not have been free from fault, and a plea of self-defense which does not aver freedom from fault is bad.—*Morris v. McClellan, Infra* 52 South. 155, and also reported in 154 Ala..639, 45 South. 641.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.