# Strother *v.* The State.

### Violating Prohibition Law.

(Decided June 30, 1916.　Rehearing denied August 1, 1916.
72 South. 566.)

1. **Charge of Court; Reasonable Doubt.**—A charge that unless every member of the jury is convinced by the evidence beyond a reasonable doubt of defendant's guilt, they must acquit, requires an acquittal on the dissent of one juror, and was therefore properly refused.

2. **Same; Directing Verdict.**—The general charge can never be given where there is a conflict in the evidence as to any material matter.

3. **Same; Undue Prominence.**—A charge asserting that in determining the guilt of defendant the jury can look to the publicity of the place where the offense of selling the liquor was charged, in connection with all the other evidence, isolates and gives undue prominence to a particular phase of the testimony.

4. **Same; Entrapment.**—A charge that if the jury believe that the state's witness sought to entrap defendant into a violation of the law, they must acquit, was improper, since the mere fact that defendant yielded to the solicitation of a witness for the state, was not a justification for the commission of the crime.

5. **Same; Credibility of Witness.**—A charge that if the jury believed that the witnesses for the state, and for defendant, are of equal credibility, and that those for defendant are corroborated, the jury may look to that fact in determining whether defendant is guilty beyond all reasonable doubt, invaded the province of the jury to determine the weight and credibility of the evidence.

6. **Trial; Argument of Counsel.**—Where defendant was accused of violating the prohibition law, the court erred in permitting the state's counsel in argument to state that the jury may have heard that a man, who he did not say was accused, drove up in a buggy behind a store, and while the solicitor was watching, sold whisky from his buggy, since such statement was entirely without the evidence in the case.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Max Strother was convicted of violating the prohibition law and he appeals. Reversed and remanded.

SAMUEL HENDERSON, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was convicted of violating the prohibition statutes, and prosecutes this appeal. The record presents for our review several unnumbered written requests for charges asked by defendant, which were refused by the court. We review them seriatim as they are set out in the record:

(1) First. "Unless every member of the jury is convinced by the evidence beyond a reasonable doubt of defendant's guilt, they must acquit." It would be trite to observe that a verdict requires unanimity; yet that is precisely what is involved in this charge, for it predicates an acquittal upon the reasonable doubt of one juror; at most his dissent could but work a mistrial. Had the charge employed the phrase "they cannot convict," instead of the phrase "they must acquit," then it would have announced a correct legal principle. Its refusal was proper.—*Crain v. State*, 166 Ala. 1, 52 South. 31; *Smith v. State*, 165 Ala. 50, 51 South. 610; *Phillips v. State*, 162 Ala. 53, 50 South. 326.

(2) Second. Defendant requests the general affirmative charge. Its refusal was proper. The evidence is conflicting.

(3) Third. Defendant's third request was as follows: "In determining the guilt or innocence of defendant in connection with all the other evidence, the jury can look to the publicity of the place where the offense is charged."

While of course the jury may look to the publicity of the place, as it may and should any and all circumstances of the evidence, this charge is open to the criticism that it isolates and gives undue prominence to a particular phase or circumstance of the testimony to be weighed in making up their verdict, and is open to the further criticism that it is argumentative. It matters not that the jury is instructed that such circumstance given prominence to is to be considered in connection with all the other evidence. This does not cure the vice.—*Durrett v. State*, 62 Ala. 434; *Willingham v. State*, 130 Ala. 35, 30 South. 429.

(4) Fourth. "If the jury believe from the evidence that the witness for the state sought to entrap the defendant into violating the law, they must acquit." This charge was properly refused. It does not assert a correct principle of law. The mere fact that defendant yielded to the temptation and solicitation of

[Strother v. The State.]

a witness for the state is no justification for the commission of a crime.  This is self-evident, and needs no citation of authority.

 (5) Fifth.  "If the jury believe from the evidence that the witnesses for the state and witnesses for the defendant are of equal credibility and the witnesses for defendant are corroborated, the jury may look to that fact in determining whether or not defendant is guilty beyond all reasonable doubt."  The jury are the sole judges of the weight and credibility of testimony, without regard to the number of the witnesses, and a charge invading the province of the jury by stressing or giving undue prominence to a particular phase or condition of the evidence in weighing the same is properly refused, and because it is argumentative.

 (6) The bill of exceptions shows that appellant's counsel objected to the following statement of the solicitor in his argument to the jury:  "You may have heard that a man—I do not say that it was Max Strother—drove up in his buggy behind Max Lefkovits' store right here in Columbiana, and, while the solicitor was watching him, sold whisky from his buggy."

A motion was made to exclude the statement from the jury, which motion was overruled, and the defendant excepted.  This circumstance was a matter entirely dehors the evidence in this case, and found no support in any of the testimony brought out.  The tendency of this argument was to prejudice the minds of the jury against defendant, was unjustified from the evidence, and improper.  It should, on motion, have been excluded.—*Sykes v. State*, 151 Ala. 80, 44 South. 398; *Cross v. State*, 68 Ala. 484; *Childress v. State*, 86 Ala. 26, 5 South. 775; *Tannehill v. State*, 159 Ala. 51, 48 South. 662; *Wilhite v. Fricke*, 169 Ala. 76, 53 South. 157.

For the error pointed out, the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.

### ON REHEARING.

It is insisted by the Attorney General on an application for a rehearing that the extract from the solicitor's argument quoted in the opinion was unobjectionable and not made as the statement of a fact.  As the writer understands the solicitor's statement, a frank and fair rendition would paraphrase it about as follows:

[Mitchell v. The State.]

"I don't know whether you heard it or not, but a man—I don't say it was this defendant [Max Strother]—drove up in his buggy behind Max Lefkovits' store right here in Columbiana, and while the solicitor was watching, sold whiskey from his buggy."

"Max Lefkovits' Store," "drove up in a buggy," "sold liquor," "right here in Columbiana," "while the solicitor was watching," are all employed in a statement giving details and circumstances of time, place, and manner of what was represented to be a brazen infraction of law, flaunted in the face of an officer of the law. This statement of the solicitor was entirely dehors the evidence finding no support in any tendency thereof. While used arguendo, true, its effect was rather to influence a verdict through prejudice than to illustrate a point or drive home an argument. While great latitude should always be accorded counsel's argument in the interest of the truth of the controversy, not infrequently do counsel, in the heat of debate, transgress the proprieties of legitimate argument. We are of opinion that the use of the statement in question was that of a substantive fact and on the authorities cited in our opinion should have been excluded on motion.

Application denied.