# Richmond.

## BAUER v. COMMONWEALTH.

January 18, 1923.

1. INTOXICATING LIQUORS—*Omnibus Count—Evidence to Sustain Conviction —Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, accused was found guilty under the omnibus count of the indictment. The evidence for the Commonwealth given by the officers who arrested accused was to the effect that two police officers approached accused, a taxi driver, and one of them asked accused if he could get him a pint of whiskey, saying that he did not want to hire accused's car unless he could get the whiskey. Accused said he did not have any, but could get it for $2.00. The officers then entered the car with accused and after proceeding some distance accused called to another man, a stranger, who got in with them. After proceeding further the stranger got out and returned with a package containing the whiskey. Two dollars was given by one of the officers in payment of the package. Neither of the officers had any dealings or talk of any kind with the stranger relative to the kind, amount, or price of the whiskey. The testimony of accused contradicted that of the officers.

   *Held:* That the evidence was sufficient to sustain the verdict if credited by the jury.

2. QUESTIONS OF LAW AND FACT—*Credibility of Witnesses—Weight of the Evidence.*—The credibility of witnesses and the weight to be given to their testimony are questions for the jury, whose findings on these subjects will not be disturbed unless plainly wrong.

3. INTOXICATING LIQUORS—*Officers Inducing Defendant to Commit Crime.*— One who makes an unlawful sale of liquor, or unlawfully transports it, is not excused from criminality by the fact that he was induced to do the criminal act for the sole purpose of prosecuting him for it. Initiative on the part of the perpetrator of an offense of this nature is not essential to charge him with criminal responsibility.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*Marion Brooks* and *H. O. Humphreys*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1] The first count in the indictment was the "omnibus count" under section 7 of the prohibition act. (Laws 1918, chapter 388.) The accused was found guilty under the count and sentenced to confinement in jail for one month and the payment of a fine of $50. The following is all of the evidence in the cause:

"The Commonwealth, to maintain the issue on its part, proved by Mrs. Lillie M. Pyles, that on the night of December 10th, in the year 1921, she met defendant at the corner of Granby and Tazewell streets, where he kept a for-hire car. She was accompanied by a man named Sheets. Both parties were police officers. Mr. Sheets requested that Bauer sell them a pint of whiskey and said that he did not want the car unless he could get a pint of whiskey. Bauer said he did not have any with him, but could get it for two dollars, and went up the street a short distance to the Alsace pool room and on returning said, 'We will go across over here and pick up a man who will get it.' They proceeded to the front or side of Alsace's taxi stand, and defendant called a man that was out in front.

"The man got into the car and the defendant drove to a place on Duke street. During the time that the man, unknown to the witnesses for the prosecution,

was in the car, the defendant did not converse with the stranger.   The stranger, on reaching the place on Duke street, got out of the car, went to a place, and in a few minutes returned with a package and handed it to one of the officers.   Two dollars was given by one of the officers in payment of the package.   The package contained a pint of corn whiskey.   Shortly after the stranger had given the package to the officer, one of the officers directed the defendant to take them to Lambert's Point.   This entire transaction took place in the city of Norfolk, Virginia.   Neither Mrs. Pyles nor Sheets had any dealings or talk of any kind with the stranger relative to the kind, amount or price of the whiskey.   Officer Sheets, only other witness for the Commonwealth, testified in substance to the same.

"The accused, to maintain the issue upon his part, testified that the officers came to the taxi stand, and asked for a man by the name of Johnson.   And being informed that Johnson was not there, requested him, the defendant, to take them to their home, corner Forty-seventh and Bluestone avenue.   One of the officers explained that the reason Johnson was asked for, was because he lived in their neighborhood, and would accommodate them, by getting them some whiskey.   One of the officers asked if the defendant could get them some whiskey.   He replied, 'No,' that he did not want to have anything to do with whiskey.   He was directed by them to drive off, and at the northwest corner of Granby and Tazewell streets he was then ordered to stop.   One of the officers beckoned to a man standing in front of the Alsace Hotel, and the man got into the car, and some arrangements were made between the officers and the man, of which the defendant could not hear.   The man directed the defendant to drive to Duke street, and got out; and returned shortly there-

after.   The stranger then ordered Bauer to drive on, but got off at the next corner.   The defendant testified that he did not know the man, not having seen him before, and that if any arrangement were made between the parties for the sale of whiskey, he was not aware of it.   He received no money out of this transaction.''

[2] The testimony on behalf of the Commonwealth was sufficient to sustain the verdict, if credited by the jury.   The credibility of witnesses and the weight to be given to their testimony are questions for the jury, whose findings on these subjects will not be disturbed unless plainly wrong.   In the case at bar, we are unable to say that the verdict is plainly wrong.

In *Butts* v. *United States* (C. C. A., 8th Cir., May 4, 1921), 273 Fed. 35, 18 A. L. R. 143, the judgment of the trial court convicting the accused of a violation of the Federal narcotic act (U. S. Comp. St. § §6287g-6287q) was set aside, because the defendant was induced to violate the act through the persuasion of the Federal officer.   In the course of the opinion, it was said: "The first duties of the officers of the law are to prevent, not to punish, crime.   It is not their duty to incite to and create crime for the sole purpose of prosecuting and punishing it.   Here the evidence strongly tends to prove, if it does not conclusively do so, that their first and chief endeavor was to cause, to create, crime in order to punish it, and it is unconscionable, contrary to public policy, and to the established law of the land, to punish a man for the commission of an offense of the like of which he had never been guilty, either in thought or in deed    *    *    *.''

In *Scott* v. *State* (1913), 70 Tex. Crim. Rep. 57, 153 S. W. 871, it was said: "The officers are not justified in inducing men to commit crime, or in employing

others to induce them to commit crime, in order that prosecutions may be instituted.   It is his duty as an officer, where he understands that parties are engaged in crime, to use every effort legitimate and permissible by law to detect and ferret out crimes and bring criminals to trial and justice.   But this does not justify him in employing parties to go out and induce the citizens to commit crime that prosecutions may be instituted and carried on."

Other cases to the same effect are cited in note in 18 A. L. R. 158.

[3] But whatever may be said against enticing one to commit crime, the decided weight of authority is that one who makes an unlawful sale of liquor, or unlawfully transports it, is not excused from criminality by the fact that he was induced to do the criminal act for the sole purpose of prosecuting him for it.   Initiative on the part of the perpetrator of an offense of this nature is not essential to charge him with criminal responsibility.   There are cases where the lack of consent of a person in respect to his person or property is an essential element of the offense, as in larceny, where the owner consents to the taking.   There the consent of the owner bars a conviction, but this is not a case of that character.   *State* v. *Abley*, 109 Ia. 61, 80 N. W. 225, 77 Am. St. Rep. 520, 46 L. R. A. 862; *Strother* v. *State*, 15 Ala. App. 106, 72 So. 566; *Love* v. *People*, 160 Ill. 501, 43 N. E. 710, 32 L. R. A. 139; *State* v. *Piscoineri*, 68 W. Va. 76, 69 S. E. 375; 8 R. C. L. 127-8, sec. 103 and cases cited; Note 18 A. L. R. 162 and cases cited.

The judgment of the trial court must be affirmed.

*Affirmed.*