# Tyler *v.* The State.

*Carrying Pistol Less than 24 Inches Long.*

(Decided Feb. 5, 1909.   48 South. 672.)

*Statutes; Enactment; Validity.*—General Acts, Special Session, 1907, page 80, is void because in its passage through the Senate it was reported from a committee other than the one to which it was referred, and was enacted in violation of section 62, Constitution 1901.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

From a conviction for having possession of a pistol less than 24 inches in length, Lon Tyler appeals. Reversed and rendered.

Pinkney Scott, and R. H. Fries, for appellant. The Act under which defendant was convicted violates section 62 of the Constitution of 1908.—*State v. Reed*, 1 Ala. 612. The court erred in sustaining the demurrers to pleas 1 and 2.—Authorities supra. Counsel discuss errors relative to evidence, but without citation of authority.

Alexander M. Garber, Attorney General, and Thomas W. Martin, Assistant Attorney General, for the

State. The court did not err in overruling demurrers to the indictment.—*State v. Reed,* 1 Ala. 612. An officer has no authority to carry a pistol concealed.—*Reach v. The State,* 94 Ala. 113. The court properly gave the affirmative charge.—*Hyde v. The State,* 46 South. 489; *Frieburg v. The State,* 94 Ala. 91; 5 A. & E. Ency of Law, 745.

McCLELLAN, J.—On rehearing counsel for appellant for the first time brought to our attention and urged in brief the objection that the act approved November 23, 1907 (Gen. Acts, Sp. Sess. 1907, p. 80), to prohibit the sale or barter or having possession of small deadly weapons of a described character, was not validly enacted, for the reason that the requirements of section 62 of the Constitution of 1901 were not complied with in the passage of the bill through the Senate. Section 62 provides: "No bill shall become a law until it shall have been referred to a standing committee of each house, acted upon by such committee in session, and returned therefrom, which facts shall affirmatively appear upon the journal of each house."

An inspection of the original journal of the Senate shows that this bill (House Bill 37) was regularly referred to the committee on revision of laws and, latterly, that the committee on local legislation reported the same back to the Senate. The status then is that a bill referred to one standing committee of the body is reported from another standing committee to which it does not affirmatively appear, from the Senate Journal, to have been referred. This was a patent failure of observance of section 62; and the consequence necessarily is that the bill was not constitutionally passed, and never became a law.—*Walker v. City Council of Montgomery,* 139 Ala. 468, 36 South. 23.

Accordingly, the judgment is reversed, and one will be here entered discharging the defendant, appellant.

Tyson, C. J., and Dowdell, Simpson, Anderson, Denson, and Mayfield, JJ., concur.