# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1908-1909

## State *v* Smith.

*Habeas Corpus.*

(Decided June 30, 1909.  50 South. 364.)

*Statutes; Enactment; Reference to Committees.*—Where a bill is referred to one committee of the House or Senate and reported back to either body by a committee other than that to which it was referred, without any report from the committee to which it was originally referred and is then passed, such an act is a nullity as in violation of section 62, Constitution 1901.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

York Smith petitioned for habeas corpus, and upon the hearing was discharged, from which order the state appeals. Affirmed.

ALEXANDER M. GARBER, Attorney-General, for the State.

No counsel marked for appellee.

DOWDELL, C. J.—This appeal is prosecuted by the state from an order of the judge of the city court of Montgomery discharging the defendant from custody on his petition for writ of habeas corpus. No brief has been furnished this court on behalf of either the state or the defendant.

1—162

[State v. Smith.]

So far as the record discloses, but one question is presented for our consideration and determination, and that is the constitutionality vel non of the act approved November 23, 1907, entitled "An act to repeal an act entitled 'An act to define who are delinquent children, and to provide for their arrest, care and reformation,' approved March 12, 1907, and acts amendatory thereof." Sp. Acts 1907, p. 49. The act of March 12, 1907, sought to be repealed, now constitutes chapter 185 (embracing sections 6450 to 6465, inclusive) of the Code of 1907. If the said repealing act is valid, the judge of the city court committed error in discharging the petitioner. If on the other hand, the act was void because of a failure to comply with constitutional requirements in its passage, then, on the admitted facts, the order of discharge of the petitioner was free from error.

It affirmatively appears from the journal of the Senate that, in the passage of the said repealing act through that body, the bill was, upon the first reading, referred to the standing committee on local legislation. No action was taken by this committee on the bill, but instead thereof, as further appears from the journal, it was acted on and reported back to the Senate by a different committee—the judiciary committee—and then proceeded to the second and third readings in the Senate, and its final passage by that body. This was in plain violation of section 62 of the Constitution of 1901, and as a consequence the act is a nullity. The said repealing act being void, it follows that the order of the judge of the city court, appealed from, must be affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.