# Pope v. The State

### Murder.

#### (Dec. 21, 1909.—51 South. 521 )

1. *Statutes; Enactments; Validity.*—The senate journal failing to show that the committee to which the bill was referred, acted on and reported it, and not showing that it was referred to the committee which reported it, the statute (Acts 1907, p. 23, S. S.) of Nov. 3, 1907, is void as violating section 62, Constitution 1901.

2. *Jury; Grand Jury; Summoning.*—Construing together sections 3249, 7261, Code 1907. it is held that a grand jury summoned for a regular term on the theory that the regular term would be held on that date, as fixed by an invalid statute, is not competent as a grand jury for a special term to begin on that date, although the judge incorporated in the order calling a special term a provision that the grand and petit jurors summoned to appear on that date should be used as grand and petit jurors for the special term; and such grand jury is not validated by section 7572, Code 1907.

3. *Indictment and Information; Validity; Grand Jury.*—An indictment returned by a grand jury not secured under due form of law and not a grand jury summoned by direction of the court for a special term is void.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Hattie I. Pope was convicted of murder and she appeals. Reversed and remanded.

TIPTON MULLINS, and J. O. MIDDLETON, for appellant. —The indictment should have been quashed and the demurrers sustained as it was returned by a grand jury summoned to appear at a regular term at a date not fixed by law and was not a grand jury summons for a special term.—Section 7257, 7260, 7259, 7572-4; *Lery v. The State,* 48 Ala. 171. Section 3248, Code 1907, has no application to this case.—*Cochran v. The State,* 89 Ala. 40; *Tucker v. The State,* 152 Ala. 1; *O'Byrnes v. The State,* 51 Ala. 25; *Fryer v. The State,* 146 Ala. 4; *Trammel v. The State,* 151 Ala. 18; *Osborne v. The*

[Pope v. The State.]

*State,* 154 Ala. 44. Counsel discuss other assignments of error not necessary to be here set out.

ALEXANDER M. GARBER, Attorney General, and THOMAS ₍W₎. MARTIN, Assistant 'Attorney General, for the State.—Counsel concede that the act fixing the time for holding the court was void because violative of section 62, of the Constitution 1901, but insists that the judge having called a special term for that date and having designated in his order that the grand and petit jurors summoned for that date constitute the grand and petit jurors for the special term, the indictment was valid.—Sections 3249 and 7572, Code 1907. They insist, therefore, that on the authority of the above section and *Samson v. The State,* 107 Ala. 76, that the indictment was valid and the court properly ruled on the pleading.

McCLELLAN, J.—By an act purporting to be approved November 23, 1907 ( Acts Sp. Sess. 1907, p. 24), the time for holding the circuit court in Chilton county, after the year 1907, was undertaken to be fixed therein. The bill (H. R. 26) originated in the House of Representatives, and, being there passed, was sent over to the Senate. That body regularly referred the bill to its standing committee on revision of laws.—Sen. Jour. (Printed ) Sp. Sess. 1907, p. 111. On a subsequent day the bill was reported to the Senate from the standing committee on finance and taxation.—Sen. Jour. (Printed) Sp. Sess. 1907, p. 152. It does not appear from the Senate Journal that the revision of laws committee acted on and reported back the bill so referred to it, nor that the bill was ever referred to the committee reporting it, viz., finance and taxation. In consequence the bill was not constitutionally passed, and never be

came a law—Const. § 62; *Tyler v. State,* 159 Ala. 126, 48 South. 672; *Walker v. City of Montgomery,* 139 Ala. 468, 36 South. 23.

In view of the stated invalidity of the attempting to fix the time for holding the Chilton circuit court, Hon. W. W. Pearson, judge of the Fifteenth circuit, regularly ordered a special term of that court to be begun on Monday, May 10, 1909. Persons to constitute a grand jury had been summoned for that date, on the notion that a regular term of the court could be held at that time, as would have been the case had the act been valid. The judge incorporated in his order calling the special term a provision that the "grand and petit jurors drawn and summoned to appear at said court on May 10, 1909, shall be used for said special term of the court as far as practicable." The means and course indicated by the provision quoted, just above, from the order calling the special term, were employed and pursued in the formation of the body preferring the indictment against Mrs. Pope. This procedure did not conform to, and was not permitted by, any applicable statute of which we are aware. The statute under which a grand jury for this special term—called, as it was, less than 20 days before the date for its convention under the order, thereby rendering impossible of observance section 7261 of the Code—should have been secured, was section 3249 of the Code. See *Holland's Case,* 162 Ala. 5, 50 South. 215, construing that statute. As indicated, and as appears from the face of the record, that statute was not availed of. Accordingly, unless saved by Code, § 7572, no valid indictment could be preferred by the body purporting to act as a grand jury at the special term so ordered and held.

Code, § 7572, has no operation in this instance, for this reason, if not for others: The *court* never, at any time, assumed or attempted to direct the summoning of

[Streety v. The State.]

a grand jury or grand jurors for that special term of the circuit court.  The indictment was and is void, because not returned by a grand jury secured under form of law, and which was not ·"a special grand jury *summoned by the direction of the court*" (italics supplied.)

The judgment is reversed, and the cause is remanded.
Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.