(88 South. 53)

### BIVIN v. STATE. (1 Div. 373.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

**1. Criminal law ⬅304(5)—Courts will take judicial notice of beat in a stock law district.**

The courts will take judicial notice of a beat in a stock law district, the territory embraced therein being a subdivision of the territory of the state.

**2. Statutes ⬅110½(1)—Title of act relating to stock law districts in Monroe county held to sufficiently cover subject and clearly express its nature.**

The title of Act March 2, 1901 (Acts 1900–01, pp. 2009–2013), to provide a method for establishing, changing, or abolishing stock law districts in Monroe county, etc., *held* broad enough to cover the subject thereof and clear enough to inform the Legislature of its nature.

**3. Statutes ⬅283(2)—Presumption of regular passage entertained, though legislative journal shows bill referred to one committee and reported by another.**

Though the senate journal showed that in passing Act March 2, 1901 (Acts 1900–01, pp. 2009–2013), relating to the stock law districts in Monroe county, etc., the bill was referred to the committee on agriculture and reported back to the Senate by the committee on education, yet, in view of Const. 1875, art. 4, §§ 20, 21, and notwithstanding Const. 1901, § 62, the presumption of regularity in its passage by a yea and nay vote is not overcome, as the bill may have been returned and reassigned to and reported back by the committee on education, and the act must be upheld. (Response of Supreme Court to certified questions.)

Appeal from Circuit Court, Monroe County; Claude A. Grayson, Judge.

Oscar Bivin was convicted of permitting stock to run at large in a stock law district, and he appealed. Question certified to the Supreme Court. Question answered. Reversed and rendered.

L. S. Biggs, of Monroeville, for appellant.

The act of 1901 was passed and approved prior to the adoption of the Constitution of 1901, and hence is governed by the Constitution of 1875. The act is not repugnant to the Constitution of 1875, and repeals the former act so far as beat 7 is concerned. 114 La. 70, 38 South. 24.

J. Q. Smith, Atty. Gen., for the State.

The act of 1901 was unconstitutionally enacted, is therefore void, and did not repeal the former act. 54 Ala. 613. Cooley, Const. Lim. 139.

SAMFORD, J. [1] The General Assembly of Alabama, by act approved January 28, 1897, created a part of beat 7, along with other beats in Monroe county, a stock law district, and upon this act is based the prosecution in this case. Acts 1896–97, p. 434. By an act of the General Assembly approved March 2, 1901, the act approved January 28, 1897 (Acts 1900–01, pp. 2009–2013) was repealed in so far as the territory covered by the complaint in this case is concerned. Of the lines constituting the boundaries as set out in the two acts this court must take judicial knowledge, the territory embraced therein being a subdivision of the territory of the state.

[2] The only question, therefore, presented to this court is whether the act approved March 2, 1901, is a valid enactment. The title to the act is broad enough to cover the subject of legislation and is clear enough to inform the Legislature of its nature. It is true the journal of the Senate shows that, after being read one time, the bill was referred to the committee on agriculture, and that it was afterwards reported back to the Senate by the committee on education. Senate Journal 1900–01, pp. 630, 635, 842. But it also shows its consideration and passage by a yea and nay vote after its third reading (Senate Journal, p. 1094), and signature by the president of the Senate (Senate Journal, p. 1227). The Senate Journal shows every necessary requirement of sections 20 and 21 of article 4 of the Constitution of 1875, which is not so strict in its requirements as is section 62 of the Constitution of 1901, except as to how the bill got from the committee on agriculture to the committee on education, and as to this the judicial department will presume compliance with the requirements of the Constitution by the Legislature, un-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

less the contrary is shown. State v. Buckley, 54 Ala. 599. The cases of Pope v. State, 165 Ala. 68, 51 South. 521; Walker v. City Council of Montgomery, 139 Ala. 468, 36 South. 23; Crain v. State, 166 Ala. 1, 52 South. 31; State v. Smith, 162 Ala. 1, 50 South. 364, construe acts passed in violation of section 62 of the Constitution of 1901, but in the Walker Case, supra, the Supreme Court, speaking through the Chief Justice, reviewed at length the various sections of the Constitutions in 1875 and 1901 relative to the questions involved, and clearly defined the distinctions as to laws passed before and after the Constitution of 1901.

A majority of this court entertain the views as above expressed, but the court is divided on the question of the constitutionality of the act of March 2, 1901, in that no presumption should be indulged where it affirmatively appears, as shown by the Senate journal, that the reference of the bill was made to the committee on agriculture, and no record that the bill was returned therefrom, and a subsequent report by the committee on education, without any record of any reference of such bill to it (Acts 1900–01, pp. 2009–2013); and that question is hereby certified to the Supreme Court for its determination.

This June 2, 1920.

Response of Supreme Court to Certified Question.

ANDERSON, C. J. [3] The foregoing statement and inquiry of the Court of Appeals clearly presents the one question propounded, that is, Has the presumption of regularity in the passage of the bill as to matters not required to affirmatively appear upon the journal, under sections 20 and 21 of article 4 of the Constitution of 1875, and as discussed in the Buckley Case, 54 Ala. 599, been affirmatively overcome by the recital of the journal that the bill was referred to one committee and reported back by another? We are of the opinion that this entry does not necessarily overcome the presumption or negative the fact, that the bill may have been returned and reassigned and reported back by the committee to which it was finally assigned or referred. We think that the change, as it appears as section 62 of the Constitution of 1901, was made to prevent such a presumption, among others, as brought out in the case of Walker v. Montgomery, 139 Ala. 468, 36 South. 23. We are of the opinion that the act of January, 1901, was not repugnant to sections 20 and 21 of article 4 of the Constitution of 1875, for the reason set forth in the foregoing statement and inquiry.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

Order of Court of Appeals.

SAMFORD, J. This court, being divided on the question of the constitutionality of the act of the General Assembly of March 2, 1901, certified the same to the Supreme Court on June 2, 1920, which certificate is adopted as the opinion in this case. The Supreme Court, in reply to the question, upholds the act in question. This being the determining question in the case, it follows that the judgment of the trial court must be reversed, and a judgment will here be rendered discharging the defendant.

Reversed and rendered.