**BOARD OF REVENUE v. IKNER.**
**(I Div. 318.)**

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

1. **Animals ⬤⟿50(2)—Previous act relative to stock law districts held repealed.**

Acts 1900–01, p. 2009, requiring board of revenue to grant or dismiss petition to establish, abolish, or change boundaries of stock law district, as directed by majority vote at district election, is irreconcilable with and hence repeals Acts 1880–81, p. 163, requiring board to grant or dismiss petition after hearing petitioners and opponents.

2. **Statutes ⬤⟿110½(1)—Section exempting certain beats of county from act for establishment, etc., of stock law districts held not unconstitutional as contrary to title.**

Acts 1900–01, p. 2013, § 11, exempting certain beats of Monroe county from application of act, except as provided in section 12, *held* not void under Const 1901, § 45, as contrary to title, providing "a method for establishing, changing or abolishing stock law districts in Monroe county," and repealing Acts 1896–97, p. 434, as to certain parts of designated beats.

3. **Statutes ⬤⟿109—Purpose of constitutional provision as to expression of subject in title stated.**

Object of Const. 1901, § 45, requiring that laws contain but one subject clearly expressed in title, was to prevent deception by inclusion in bill of matter incongruous with title.

Appeal from Circuit Court, Monroe County; John D Leigh, Judge.

Proceeding by J. M. Ikner to have rescinded an order by the Board of Revenue establishing a stock law district. Judgment declaring said order void, and respondents, Board of Revenue, appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The opinion of the trial judge is as follows.

"On the 20th day of February, 1922, the board of revenue of Monroe county, Ala., adopted an order or resolution, a copy of which is attached to the petition in this cause as Exhibit A, by the terms of which a stock law district was established in that part of beat 7, Monroe county, Ala., bounded as follows. Beginning at Davis Ferry, on the Alabama river, in beat 7, Monroe county, Ala.; running along the south and west side of Davis Ferry road to the intersection of the Bell's Landing and Monroeville road, at Camp Watts; thence along Flat creek to the Alabama river; thence up said river to the point of beginning—in which all stock, except sheep, are prohibited from running at large.

"J. M. Ikner, the petitioner in this cause, was at the time and after the adoption of this order or resolution by said board of revenue a resident citizen of Monroe county, Ala., and a freeholder, residing within the territory established as a stock law district by said order. As such citizen the said J. M. Ikner filed a petition with said board of revenue of said county, on the same day said order or resolution was passed, praying that they revoke said order on the ground that the same was passed without authority by law, and was therefore null and void. This petition was denied by said board of revenue, and the said Ikner brings this petition by common-law writ of certiorari for the purpose of reviewing such judgment, and for the purpose of reviewing the authority of said board of revenue of Monroe county to establish a stock law district by said order.

"The Acts of the Legislature of 1896–97, on page 434, created a stock law district in Monroe county as described in section 1 of said act, and there seems to be no dispute that the territory described in section 1 of said act is the same as involved in these proceedings, so far as the same applied to beat 7 in said county There is no machinery provided for in said act governing the method for stock running at large in Monroe county, except the act itself, and therefore the act went into effect over all parts of Monroe county described in section 1 of said act, and over the territory involved in these proceedings. Section 11 of the Acts of the Legislature of 1900–01, p. 2013, does not apply to beats 3, 4, 5, 6, 7, 8, 9, and 10, except as provided for by section 12. By section 12 of said Acts of the Legislature 1900–01, p. 2013, the act of the Legislature approved January 28, 1897, and found on page 434, is especially repealed so far as the same applies to certain beats in said county, and one of these exceptions especially applies to that part of beat 7 described as follows: 'All south of the Davis Ferry road running from Davis Ferry on the Alabama river to the road leading from Monroeville to Bell's Landing and west of the said last mentioned road from the said Davis Ferry road to Flat creek.' Therefore the stock law as embraced in the Acts of the Legislature of 1897, p. 434, was repealed by the section 12 of the Acts of the Legislature of 1900–01, p. 2013, so far as the same applied to that part of beat 7 involved and described in these proceedings. Bivin v. State, 18 Ala. App. 8, 88 South. 53."

"The court therefore is of the opinion that the Acts of the Legislature of 1900–01, p. 2009 abolished all previous laws relative to the manner of establishing, changing, or abolishing stock law districts in Monroe county, and that said act provides the only method for establishing stock law districts in said county. The court is of the opinion that the act of the Legislature 1880–81 approved February 28, 1881, and found on page 163, is in conflict with said act of the Legislature of 1900–01 approved March 2, 1901, and found on page 2009, and is therefore repealed by the latter act. It therefore follows that the court is of the opinion that the board of revenue of Monroe county was without authority to establish a stock law district in the mode and manner as revealed in these proceedings, and that the order or resolution of said board of revenue made on the 20th day of February 1922, establishing a stock law district as described in said order or resolution, is null and void, and of no effect."

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hybart & Hare, of Monroeville, for appellants.

If by any reasonable construction repugnant acts can be reconciled, a later act must not operate to repeal an earlier one. City v. National Asso., 108 Ala. 336, 18 South. 816; Fuller v. Am. Supp. Co., 185 Ala. 512, 64 South. 549; 36 Cyc. 1077; 23 Am. & Eng. Ency. L. (1st Ed.) 393; Cook v. Meyer, 73 Ala 580, Herr v Seymour, 76 Ala. 270. The court cannot, of its notion what ought to have been done, cure inanities of a statute. State v Lamar, 178 Ala. 77, 59 South. 473 Maxwell v. State, 89 Ala. 150, 7 South. 824; Blake v. State, 178 Ala. 407, 59 South. 623; Lehman v. Robinson, 59 Ala. 219. The act of 1901 is violative of the Constitution. Const. 1901, § 45.

L. S. Biggs, of Monroeville, for appellee.

The act of 1901 is valid, and repeals the former act. Bivin v. State, 18 Ala. App. 8, 88 South. 53.

MILLER, J. J. F. Bayles and 12 others, resident freeholders, who reside within a certain district, accurately described, in beat 7, in Monroe county, by petition to the board of revenue of the county in writing, sought to have established a stock law district to prevent all stock, except sheep, from running at large therein. The petition accurately described the district, and it was a part of beat 7. The petition was filed under an act approved February 28, 1881 [Acts 1880–81, p. 163], and the board of revenue of Monroe county at the hearing of the cause under the authority conferred by section 3 of the above act granted the petition and established by an order of the court by a vote of three to one of the members of the board a stock law district in that part of beat 7 described in the petition, and bounded as follows:

"Beginning at Davis Ferry and Alabama river in beat 7, Monroe county, Ala., running along the south and west side of Davis Ferry road to the intersection of the Bell's Landing and Monroeville road, at Camp Watts, thence along the west side of Monroeville and Bell's Landing road to Graham bridge, thence along Flat creek to Alabama river, thence up said river to the point of beginning In which all stock, except sheep, are prohibited by law from running at large. This order shall have full force and effect after 30 days from this date."

J M. Ikner, a resident freeholder of the district, on the same day the order was made by the board of revenue establishing this stock law district, filed with them a petition to revoke and rescind the order on the ground it was made without authority of law; that they have no authority to establish stock law districts except by an election based on a majority of ballots cast at such election in favor of the stock law by the qualified electors under an act approved March 2, 1901 (Acts 1900–01, p. 2009). The board of revenue by an order overruled and denied the petition of J M. Ikner on the same day it was filed with them. J. M. Ikner then filed with the judge of the circuit court of Monroe county a petition for writ of certiorari directed to the board of revenue or judge of probate of the county, directing them to certify a complete and full copy of the proceedings in the foregoing cause for review by the circuit court, and seeking on the final hearing of the cause to have the court declare the order establishing the stock law district null and void, and of no force and effect. The petition for writ of certiorari was granted, and on the final hearing the circuit court held and ordered that the establishing of the stock law district, as described in the order of the board of revenue, is null and void, having been passed and established by the board of revenue without authority of law The board of revenue appeal from this judgment, and it is the error assigned.

As we view the record two questions are presented for the consideration of the court:

First. Is section 11 of the act of 1901 (Acts 1900–01, p. 2013) unconstitutional? Does it violate that part of section 45 of the Constitution of 1901 which is the same as in the 1875 Constitution (article 4, § 2), which states:

"Each law shall contain but one subject, which shall be clearly expressed in its title."

Second. Does the Stock Law Act of 1900–01, p. 2009, repeal the Stock Act of 1880–81, p. 163, in part, in so far as it applies to Monroe county? Both of these acts have been considered by this court before, but not on the matters as here presented. The act of 1901 appears in Bivin v. State, 18 Ala. App. 8, 88 South 53, and the act of 1880–81 in Dunn v. Wilcox County, 85 Ala. 144, 4 South. 661.

The act of 1881 authorizes, in section 1, the board of revenue of Monroe county to establish districts in the county in which stock shall not be allowed to run at large, and to abolish such districts heretofore or hereafter established.

The act of 1901 does not change or interfere with this authority granted by the Legislature to the board of revenue in act of 1881 to establish and to abolish stock law districts; but it provides a method for establishing, changing or abolishing stock law districts in Monroe county. The former act of 1881 also provided a method for establishing and abolishing stock law districts. Do the methods of each act differ? Can they be reconciled with each other? The act of 1881 authorizes and directs the board of revenue, when 10 freeholders, in the manner prescribed by section 2 of the act, desire to establish or abolish a stock law district, to give notice of the application or petition, and they, under section 3 of the act, must hear

the petitioners and any persons that may be opposed thereto, and must make an order granting or dismissing the petition, in whole or in part. Such order must clearly describe the district therein established or abolished, and such order goes into effect 30 days after it is made by the board of revenue.

The act of 1901 provides that, when 10 or more freeholders of the district file petitions to establish, change the boundaries of, or abolish a stock law district, and deposit money with the judge of probate sufficient to defray the expenses of calling and holding an election in such district, then the judge of probate will order an election to be held in such district; notice thereof shall be given; all resident freeholders of such district shall be qualified electors at such election; an election shall be held, and ballots with stock law or no stock law written or printed thereon shall be used by the electors to indicate their vote by making a mark on the ballot by one or the other of such words; and a majority of ballots cast at such election for or against establishing, changing the boundaries of, or abolishing a stock law district will determine the issue presented by the petitioners when the ballots are counted and the result declared by the board of revenue, and the same is entered on the minutes of the court.

[1] In the act of 1881 it is the duty of the board of revenue to hear the petitioners and the persons opposed to the petition, and then to grant or dismiss it. In the act of 1901 the board of revenue grant or dismiss the petition, according to and as directed by the vote of a majority of ballots cast at an election held in the district by the resident freeholders of the district. The two modes provided by the two acts for establishing, abolishing, or changing the boundary lines of a stock law district in Monroe county are irreconcilable. The latter act is in the matters mentioned repugnant to the former act. They are in direct conflict, and cannot be reconciled with each other. So we must hold the act of 1901 repeals and abolishes the act of 1881, and all previous laws, in so far as they relate to the manner and mode of establishing, changing the boundaries, or abolishing stock law districts in Monroe county. City of Montgomery v. Nat. Bk. & L. Ass'n, 108 Ala. 336, 18 South. 816; Cook v. Meyer, 73 Ala. 580; Herr v Seymour, 76 Ala. 270.

[2] Under an act approved January 28, 1897 (Gen. Acts 1896–97, p. 434), a stock law district was created as described in section 1 of the act, composed of beats 3, 4, 5, 6, 7, 8, 9, and 10, or parts of said beats, which are particularly described in section 1 of the act. This act makes no provision for establishing, changing, or abolishing stock law districts. It appears this act included in that stock law district the territory involved in this cause. The act of 1901 proposes in its title and does in its body provide a method for establishing, changing, or abolishing stock law districts in Monroe county and to repeal an act to prevent stock from running at large in certain parts of Monroe county, approved January 28, 1897, so far as the same applies to certain parts of beats 3 and 7 in said county. The territory involved in this cause in beat 7 by this act of 1901 was taken out of the stock law district established by the act of 1897.

The act of 1901 provides the only mode and manner of establishing, changing, and abolishing stock law districts in Monroe county. That was its design and purpose, indicated by its title, in addition to repealing the stock law districts in parts of beats 3 and 7. Its title reads as follows:

"To provide a method for establishing, changing or abolishing stock law districts in Monroe county, and to repeal an act to prevent stock from running at large in certain parts of Monroe county, approved Jan. 28, 1897, so far as the same applies to certain parts of beats 3 and 7 of said county."

Sections 1, 2, 3, 4, 5, 6, 7, 9, and 10 of this act of 1901 relate to and provide the manner and mode of establishing, changing, or abolishing stock law districts in Monroe county. Section 12 of the act repeals, as indicated by the title, a stock law established by act of 1897 in so far as it applies to certain parts of beats 3 and 7 therein described. Section 11 of this act states:

"That the provisions of this act shall not apply to beats 3, 4, 5, 6, 7, 8, 9, 10, in said counties, except as hereinafter provided."

The words "except hereinafter provided" refer to section 12, which repeals the stock law in parts of beats 3 and 7.

The appellants insist that the act of 1901 does not apply to beats 3, 4, 5, 6, 7, 8, 9, and 10 of Monroe county; that it applies only to beats 1, 2, 11, 12, 13, and 14 of the county. Appellants contend, if any ten freeholders in beats 3, 4, 5, 6, 7, 8, and 10 desire a stock law established, changed, abolished, they must apply under the act of 1881, and the board of revenue must hear and pass on it, grant or dismiss it, and that the territory involved in this cause is a part of beat 7, and the board of revenue properly heard and allowed the petition presented under the act of 1881, and established that stock law district in a part of beat 7.

Under section 45 of the Constitution of 1901, and section 2 of article 4 of the Constitution of 1875, we find this provision:

"Each law shall contain but one subject, which shall be clearly expressed in its title."

The title to this act clearly states its purpose is to provide a method for establishing, changing, or abolishing stock law districts in Monroe county. It purports in its title to provide a method for Monroe county, not for

beats 1, 2, 11, 12, 13, and 14 in Monroe county. There is nothing in the title of the act to indicate in any manner that the act intended in its body, in "its subject," to provide a method for establishing, changing, or abolishing stock law districts in beats 1, 2, 11, 12, 13, and 14 in Monroe county, and allowing the method provided in the act of 1881 to apply to beats 3, 4, 5, 6, 7, 8, 9, and 10 in Monroe county. The provision of section 11 of the act is contrary to the statement in the title of the act; it contradicts it in part. The title clearly states it is to apply to Monroe county. There is no intimation in its title that it would apply to only six beats in the county, and the act of 1881 would apply to the other eight beats. The title of the act proposes one method to establish, change, or abolish stock law districts for the entire county of Monroe. The body of the act attempts to provide two separate, distinct, and strikingly different modes of establishing, changing, or abolishing stock law districts in Monroe county, one to apply to six beats and the other to apply to eight beats. Section 11 of the act seeks to have eight beats of the county exempted from the operation of the act. This intent to prevent the application of the act to these beats does not appear in the title of the act.

The provision as to the application of the act, stated in section 11, is not clearly expressed in the title of the act. It is contrary to the title. This section (11) of the act must be declared unconstitutional and void; but the unconstitutionality of this section does not affect the validity of the other provisions of the act of 1901, which are appropriately mentioned in the title. Ex parte Pollard, 40 Ala. 99.

[3] "The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title." Ex parte Pollard, 40 Ala. 99. See, also, State v. Sayre, 118 Ala. 1, 24 South. 89. The purposes of this constitutional requirement are fully stated in Lindsay v. U. S., etc., Ass'n, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783, and need not be repeated here.

The act of 1901 provides the only method for establishing stock law districts in Monroe county. The board of revenue in this cause followed the method provided by the act of 1881; that method was repealed by the act of 1901, in so far as it applied to Monroe county, so the trial court, properly, by its judgment, declared null and void the order of the board of revenue granting the petition of J. F. Bayles and others and establishing the stock law district in that part of beat 7 described in their petition.

Chief Justice ANDERSON, together with Justices SAYRE, SOMERVILLE, GARDNER, THOMAS, and BOULDIN concur in the result, but not in the opinion of the writer. They held and are of the opinion that section 11 of the act of 1901 is not unconstitutional, as pointed out in the opinion, and the proceedings for establishing the stock law district in beat 7 should have been under this act of 1901, and not under the act of 1881, as was held by the trial court, whose opinion is set out in the report of the case.

The judgment is affirmed.

Affirmed.

All the Justices concur as indicated in the opinion.